IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DAN J. WILLINGHAM and ELAINE B. WILLINGHAM, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CASE NO. CV 11-J-02038-NE |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This cause comes before the court on defendant State Farm Fire and Casualty Co.'s motion for judgment on the pleadings (doc. 5), to which the court ordered plaintiffs to respond by August 1, 2011. Plaintiffs filed a timely response, and the court has considered said response (doc. 8) as well as defendant State Farm's reply (doc. 12).

Judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law." *Ortega v. Christian*, 85 F.3d 1521, 1524–25 (11th Cir. 1996); *accord Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002). When considering motions for judgment on the pleadings, it is the duty of the court to view

all facts in the complaint in the light most favorable to the plaintiffs and accept them as true. *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001). Judgment on the pleadings will issue only where plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *See id.*

The plaintiffs filed suit asserting that defendant State Farm Fire and Casualty Co. ("State Farm"), issuer of a policy insuring plaintiffs' house against loss by fire and other perils, refused to pay plaintiffs' claim for benefits subsequent to the plaintiffs' house being damaged by "a bolder [sic] striking the building." Complaint, ¶¶ 4–6. Defendant State Farm denied the plaintiffs' claim because "the loss was excluded by the unambiguous terms of the [insurance] policy." Answer, ¶ 6; *see also* Memorandum in support of defendant's Motion (doc. 5), at 7.

The insurance policy at issue specifically provides that State Farm

> do[es] not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. [State Farm] do[es] not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these.

Exhibit B to Defendant's Motion for Judgment on the Pleadings – Certified Copy of Policy no. 01-BE-K725-3 issued to Dan Willingham (doc. 5) (hereinafter the

"Insurance Policy"), at 10. Included among the "excluded events" is "Earth Movement," defined as, *inter alia*, the "shifting . . . of earth" which "includes but is not limited to . . . erosion or movement resulting from improper compaction, site selection or any other external forces." *Id.*

In support of its denial of coverage, State Farm relies upon a report by Donan Engineering Co., Inc. (Exhibit A to Plaintiff's Response to Motion for Judgment on the Pleadings (doc. 8), hereinafter the "Donan Report") which the plaintiffs maintain "reveals that the adjacent property [from which the boulder in question fell] was subject to an 'embankment cut,' whereby the slope was altered by man-made processes, rather than 'natural processes.' Indeed, it is possible that the cut-slope did not meet standards which you would reasonably expect for civil engineering purposes." Plaintiff's Response to Motion for Judgment on the Pleadings (doc. 8), at 12-13. The Donan Report states, in relevant part:

> The embankment cut is not new and appears older than 50 years. There is no means of dating the exact point in time when the embankment was formed. The lower rock formation consists of shale and clay deposits on a near vertical slope supporting large boulders above. The shale layers are considered floaters held in place by the clay soils. With time, climate, environmental and weather changes the face of the embankment deteriorates. The lower areas of the shale mass have weathered and deteriorated reducing the support for the rock formation above. The removal of the support has left the boulders not founded. The cause of the boulder movement is the result of deterioration of the lower shale layers.

Exhibit A to Plaintiffs' Response (doc. 8), at 5.

Even a cursory analysis of the quoted language reveals that the plaintiffs' interpretation of the Donan Report is a blatant mischaracterization of its actual conclusions. Nowhere does the report indicate that the boulder fell on the plaintiffs' house because "the slope was altered by man-made processes, rather than 'natural processes,'" as the plaintiffs contend. At best, the Donan Report indicates that there appear to have been some physical man-made alterations to the embankment in question at least half a century ago; the damage to the plaintiffs' house, however, was caused by a boulder which fell as a result of natural erosion of the embankment due to "time, climate, environmental and weather changes" which caused "the face of the embankment [to] deteriorate[]." Notably, such erosion appears to be only the beginning of the embankment's natural physical evolution; the Donan Report also opined that "[i]t is not a matter of if another failure will occur, but a matter of when. With no remedial efforts towards protecting the slope, additional rock slides will occur." *Id.*

Further advancing the theory that human activity was the proximate cause of the damage to their home, the plaintiffs cite a New York case, *Pioneer Tower Ass'n v. State Farm Fire & Cas. Co.*, 908 N.E.2d 875 (N.Y. 2009), where the court found that the "earth movement" exclusion should not apply to "such intentional earth

removal." Plaintiffs ask this court to adopt this proposition and find that the event which caused plaintiffs' loss was not unambiguously excluded from the coverage of the policy and "a fact question exists as to whether the subject boulder fall was covered under the subject State Farm policy." Plaintiffs' Response at 13. This is a step too far. The language of the insurance policy in question is not ambiguous: the Insurance Policy does not cover damage resulting from "earth movement" of the type described in the Donan Report, regardless of such movement's actual or proximate cause.

This conclusion is supported by *State Farm Fire and Cas. Co. v. Slade*, 747 So. 2d 293 (Ala. 1999). In *Slade*, the Alabama Supreme Court analyzed the language of the earth movement exclusion and its lead-in language in the State Farm policy and found it to be unambiguous. The court was addressing the applicability of the earth movement exclusion to a claim alleging that, due to the failure of a retaining wall caused by a lightning strike, the resulting movement of the house foundation was not due to earth movement. In ruling that the earth movement language was not ambiguous, the court in *Slade* noted:

> The earth-movement exclusion is not reasonably susceptible to two or more constructions. The language of the policy specifically states that a covered loss, such as a loss resulting from lightning, is excluded from coverage if the loss would not have occurred without earth movement. According to the policy, earth movement means the "shifting . . . of earth."

*Slade*, 747 So. 2d at 310.

Moreover, even if man-made alterations to the land were a contributing cause to the damage to the plaintiffs' home, such contribution would be irrelevant with respect to State Farm's obligation to provide coverage. The plaintiffs here, just like the plaintiffs in *Slade*, attempt to argue that external factors contributing to the landslide somehow negate the plain and clear language of the Insurance Policy. As the *Slade* court explained, "[t]he Slades' second theory of liability under the contract is that lightning caused the soil to shift or settle and that the shifting or settling resulted in the cracking in their home." *Id.* at 310-11. The Slades' policy, however, contained exclusions nearly identical in substance to those in the plaintiffs' Insurance Policy:

> The exclusion in the Slades' policy is not limited to movement caused by natural events. It states that loss caused by earth movement is excluded regardless of the cause of the earth movement, "whether other causes acted concurrently or in any sequence with [earth movement]," or whether the earth movement arose from "natural or external forces."

*Id.* at 311. The court thus concluded that "[a]ccording to the unambiguous terms of the contract, the Slades could not use this theory as a basis for contractual liability." *Id.*

The plaintiffs' Insurance Policy contains clauses even more restrictive than those present in the Slades' policy. As noted *supra*, the insurance policy stipulates

that State Farm does not insure for loss due to earth movement "regardless of: the cause of the [earth movement]; or . . . whether other causes acted concurrently or in any sequence with the [earth movement] to produce the loss; or . . . whether the [earth movement] . . . arises from natural or external forces, or occurs as a result of any combination of these." Insurance Policy (Exhibit B to doc. 5), at 10. In short, the terms of the Insurance Policy are unambiguous: damage due to "earth movement," regardless the cause or causes, is excluded from coverage, and State Farm has no contractual liability for its denial of plaintiffs' claim.

Finally, plaintiffs argue that their Amended Complaint, filed subsequent to defendant's motion, creates a fact issue and moots defendant's motion. *See* Plaintiff's Response at 10-11. The plaintiffs' Amended Complaint is stricken from the record. Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course either within 21 days either after serving it or, if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Here, the defendant filed its Answer (doc. 2) on June 14, 2011, and the plaintiffs did not file their Amended Complaint until August 1, 2011 (doc. 8). Because neither written consent from the defendants nor leave of the court were obtained prior to the filing of this Amended

Complaint, it is hereby stricken from the record.[1]

Being of the opinion that defendant State Farm's motion for judgment on the pleadings is due to be granted on the only count of the plaintiffs' complaint, it is therefore found that defendant State Farm's motion for judgment on the pleading is due to be granted, which the court shall do by separate order.[2]

---

[1] Even if the plaintiffs' Amended Complaint were timely and properly filed, it would not affect the defendant's liability under the Insurance Policy. The Amended Complaint differs little from the plaintiffs' original complaint; the only substantial modification is found in ¶ 5, which alleges that

> the adjacent property [to the plaintiffs' house] was subject to an 'embankment cut,' whereby the slope was altered by man-made processes and the negligence or wrongful conduct of third parties and/or the failure to take remedial efforts toward protecting the slope, rather than 'natural processes,' proximately caused a boulder to fall and strike the Plaintiffs' house.

Plaintiffs' Amended Complaint (doc. 9), at ¶ 5. As discussed *supra*, however, even if plaintiffs' allegation is taken as true, it is irrelevant what factors caused or contributed to the earth movement which resulted in the damage to plaintiffs' house; the Insurance Policy is unambiguous that damage resulting from such earth movement is excluded from coverage. Furthermore, the Amended Complaint also fails to allege or establish who is or has been the owner of the embankment from which the boulder fell for the last half century; it thus has no bearing on the outcome of the present matter.

[2] Plaintiffs argue that because the defendants have presented matters outside the pleadings (principally, a certified copy of the Insurance Policy), defendant's motion for judgment on the pleadings must, in accordance with Federal Rule of Civil Procedure 12(d), be treated as a motion for summary judgment, and the court must accordingly provide all parties with a reasonable opportunity to present all material that is pertinent to the decision of whether summary judgment is appropriate. *See* Plaintiffs' Response to Motion for Judgment on the Pleadings (doc. 8), at 24. In other words, the plaintiffs are requesting that the court allow for discovery. The court notes, however, that the plaintiffs in their Response have likewise presented matters outside the pleadings (e.g., the Donan Report) which the court has considered in ruling on defendant's motion.

Furthermore, though the plaintiffs request that the court treat defendant's motion as one

**DONE** and **ORDERED** this the 22nd day of August 2011.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

for summary judgment, they have failed, as required for motions for summary judgment under Federal Rule of Civil Procedure 56(d), to allege by affidavit or declaration any specified reasons why they cannot present additional facts essential to justify their opposition to such motion. In short, plaintiffs have failed to show what, if any, additional discovery they would require in order to effectively oppose defendant's motion. The plaintiffs have never denied the existence or the terms of the Insurance Policy, and have indeed, in the course of responding to defendant's motion, appended and cited to materials (namely, the Donan Report) obtained by the defendant which the defendant never submitted or referenced in the pleadings. In light of this, the court sees no reason why the plaintiffs would be unfairly prejudiced by the court ruling on defendant's motion after taking into account all information duly presented by both parties in the pleadings.